IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JULIUS JOHN HAYDEN, III**                                        **PLAINTIFF**

**v.**                                                **CAUSE NO. 1:24-cv-00275-LG-RPM**

**TODD STEWART, et al.**                                           **DEFENDANTS**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. Pro se Plaintiff Julius John Hayden, III, brings this Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at the Stone County Correctional Facility in Wiggins, Mississippi. (Compl. at 4-9, ECF No. 1). Plaintiff names as Defendants: (1) Sheriff Todd Stewart, (2) Warden E.S. Compston, Jr., (3) L. Runge, (4) "S.C.R.C.F. H.C.P.: Medical", and (5) Jane and John Does Deputies 1-8. (*Id*. at 1-2). He has requested leave to proceed *in forma pauperis*. (Mot., ECF No. 2).

On September 26, 2024, while screening this case under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*., the Court sent Plaintiff a packet of information that might impact his decision to proceed with this lawsuit. (Order, ECF No. 5). Plaintiff was "directed that if he . . . wants to continue with this case," to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." (*Id*. at 1). Plaintiff was "further directed that if he . . . wants to dismiss this case," to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." (*Id*.) Plaintiff was

"warned that his . . . failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice."  (*Id.* at 2 (emphasis omitted)).  That Order was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.  Plaintiff did not comply with the Court's Order within thirty days.

On November 8, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order.  (Order to Show Cause, ECF No. 6).  His responsive deadline was extended to November 22, 2024, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him."  (*Id.* at 1-2).  The Order to Show Cause, with a copy of the Court's September 26 Order, was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.  Plaintiff did not comply with the Court's Order to Show Cause by the November 22 deadline.

The Court entered a Second and Final Order to Show Cause on December 6, 2024.  (Second and Final Order to Show Cause, ECF No. 7).  The Court extended Plaintiff's responsive deadline to December 20, 2024, and warned him again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him."  (*Id.* at 2 (emphasis in original)).

Plaintiff was cautioned that this was his "final opportunity" to comply with the Court's Orders. (*Id.*). The Second and Final Order to Show Cause, with a copy of the Court's September 26 and November 8 Orders, was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Second and Final Order to Show Cause by the December 20 deadline, nor has he notified the Court about a change of address since that Order was entered.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Plaintiff did not comply with three Court Orders, after being warned as many times that failing to do so may lead to the dismissal of this

case. (Order at 2, ECF No. 5; Order to Show Cause at 2, ECF No. 6; Second and Final Order to Show Cause at 2, ECF No. 7). Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since September 25, 2024.

Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted. *See, e.g.*, *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (affirming *sua sponte* dismissal of *pro se* prisoner case for failure to comply with district court's order).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE